CALUMET AND HECLA MINING COMPANY, Plaintiff, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Defendant.

First Department, November 4, 1921.

Bills of lading — action to recover value of copper lost in transit — notice of claim for loss not filed within time limited in bill of lading — receipt given by plaintiff to defendant stating " Ten (10) Billets, Mkd. C & H more, in dispute. If on board to be delivered," did not constitute notice of claim for loss — recovery cannot be had when required notice not filed within time limited in bill of lading.

Requirements of a bill of lading stipulating that " Claims for loss, damage, or delay must be made in writing to the carrier at the point of delivery, or at the point of origin, within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed.   Unless claims are so made the carrier shall not be liable " are not complied with where plaintiff claims right to recover the value of ten billets of copper, lost from a cargo *en route* from its mines to New York city and where it appeared that the only notice of loss filed with the defendant within the time limited was a statement in a receipt: " Ten (10) Billets, Mkd. C & H more, in dispute.   If on board to be delivered," which plaintiff did not intend to operate as a notice under the bill of lading provision and which was not accepted by the defendant as such written notice.

At most, the statement in the receipt indicated uncertainty as to whether the ten billets of copper were included in the shipment.   The use of the words " in dispute " shows clearly that neither of the parties regarded

the notice as final or that it had actually been determined that any loss had been suffered.

The plaintiff not having filed a claim for loss within the lime limited cannot recover for the loss of the copper.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*James L. Putnam,* for the plaintiff.

*Douglas Swift,* for the defendant.

MERRELL, J.:

The plaintiff, Calumet and Hecla Mining Company, claims the right to recover from the defendant, The Delaware, Lackawanna and Western Railroad Company, the sum of $666.91, the value of ten billets of copper, being a part of a shipment of 524 billets shipped by the plaintiff on or about February 20, 1917, from its works at Lake Linden, Mich. The initial carrier was the Mineral Range Railroad Company. The freight was prepaid to New York city and the copper was consigned to the plaintiff, care of H. E. Jacob, pursuant to a bill of lading, which contained certain stipulations over which this controversy arises. Upon the arrival of the shipment at New York, the defendant, being the final and delivering carrier thereof, duly gave notice of arrival to the consignee in accordance with the terms of the bill of lading. The plaintiff then directed the defendant to deliver the shipment, together with other copper, totaling 2,543 billets, 94 bars, 50 ingots, and 163 cakes, to the steamship *Orleans* of the Oriental Navigation Company, at the port of New York, for transportation to Bordeaux, France. On April 4, 5 and 7, 1917, the defendant delivered to the steamship *Orleans*, 2,532 billets, 94 bars, 50 ingots, and 163 cakes of copper, and took receipts from the steamship company therefor. Of the eleven billets of copper which were not delivered to the steamship *Orleans*, one billet belonged to another shipment, and no claim is made for the loss thereof. The other ten billets were lost, and were a part of the shipment described in and covered by the aforesaid bill of lading. On April 9, 1917, the defendant delivered to the plaintiff the steamship receipts which it had taken from the steamship company for the copper actually delivered to it,

as aforesaid, and received from the plaintiff in exchange therefor a receipt which is now claimed by the plaintiff to constitute a notice of loss or damage which entitles the plaintiff to recover herein. The receipt in question so given by the plaintiff to the defendant, bears date on April 9, 1917, and receipts for the delivery of the goods in question on board the steamship *Orleans*, destination Bordeaux. The receipt then describes fully the copper actually delivered on board as aforesaid and then contains the following statement respecting the ten billets which had been lost: " Ten (10) Billets, Mkd. C & H more, in dispute. If on board to be delivered." The bill of lading under which the copper was shipped contains the following stipulations respecting the giving of notice of claims for loss, damage or delay: " Claims for loss, damage, or delay must be made in writing to the carrier at the point of delivery, or at the point of origin, within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable."

It is conceded by both parties that the sole question to be determined herein is whether or not the aforesaid words, " Ten (10) Billets, Mkd. C & H more, in dispute. If on board to be delivered," contained in the aforesaid receipt, constitute a sufficient notice in writing within the meaning of the clause of the bill of lading above quoted.

On April 11, 1917, the defendant wrote to Henry E. Jacob, representing the plaintiff, a letter referring to the aforesaid shipment, in which letter it is stated that the defendant had succeeded in getting the vice-president of the Oriental Navigation Company to agree to issue a bill of lading reading: " Ten billets short in dispute, if on board to be delivered," but that the vice-president of the aforesaid company requested that the plaintiff write a letter as follows:

" Requesting that the clause as above be inserted on your bill of lading; also that it is understood that the ten billets short in dispute may be applied against any of the marks and numbers of your copper on the SS ' Orleans '. Finally, that you will not put in a claim against the Oriental Navigation Company in case the ten billets check short at destination.

" In consideration of your giving them a guarantee as outlined above I hereby guarantee to hold you harmless from any claims that may arise by your so doing."

Thereafter and on April 11, 1917, Henry E. Jacob, in behalf of the plaintiff, wrote to the Oriental Navigation Company a letter in accordance with the request contained in the defendant's letter of April eleventh. On or about June 22, 1917, the plaintiff received information from the Oriental Navigation Company that upon the arrival of the steamship at Bordeaux the aforesaid ten billets of copper checked short. No other written communication took place between the parties until May 27, 1918, more than eleven months from the date when the plaintiff was informed that the copper had checked short at Bordeaux. Upon the last-mentioned date the plaintiff filed with the defendant a claim for the loss of the aforesaid ten billets. Such claim is incorporated in a letter written on the above date and makes formal claim for $666.91, damages resulting from the aforesaid loss, and asks the defendant to acknowledge the receipt of the claim and to advise the plaintiff as to the number of the claim in the claim department. On September 28, 1918, plaintiff was advised by a letter from the claim department that the claim had not been presented in accordance with the conditions of the bill of lading, and the defendant still contended that the plaintiff never filed with the defendant a timely notice which entitled the plaintiff to recover damages.

It is admitted by the parties that the aforesaid provision respecting notice of loss contained in the bill of lading is valid, and that compliance therewith by the shipper or consignee cannot be waived by the carrier. It, therefore, follows that unless the receipt given by the plaintiff on the 9th day of April, 1917, constituted a sufficient notice, the plaintiff is not entitled to succeed.

There are several cases which throw considerable light upon the question. In *Georgia, Florida & Alabama Ry.* v. *Blish Co.* (241 U. S. 190) a bill of lading containing the same stipulation respecting notice of loss was under consideration. The Blish Milling Company had shipped a quantity of flour which was claimed to be damaged and the shipper sent a telegram to the railroad stating: " We will make claim

against railroad for entire contents of car at invoice price. Must refuse shipment as we can not handle." The evidence disclosed that the price of flour had declined after the order was given, but the court held that although the telegram did not correctly state the value of the flour, it was sufficient notice to conform to the terms of the bill of lading. Mr. Justice Hughes, in his opinion, says, in respect to the telegram: "We think that it sufficiently apprised the carrier of the character of the claim, for while it stated that the claim was for the entire contents of the car ' at invoice price,' this did not constitute such a variance from the claim for the value of the flour as to be misleading; and it is plain that no prejudice resulted. Granting that the stipulation is applicable and valid, it does not require documents in a particular form. It is addressed to a practical exigency and it is to be construed in a practical way. The stipulation required that the claim should be made in writing, but a telegram which in itself or taken with other telegrams contained an adequate statement must be deemed to satisfy this requirement."

Counsel for both sides cite the case of *St. Louis, Iron Mountain & Southern R. Co.* v. *Starbird* (243 U. S. 592). The bill of lading in the *Starbird* case differs somewhat from the bill of lading in the case at bar. That portion of the bill of lading which refers to the filing of claims for damages read as follows: " Claims for damages must be reported by consignee, in writing, to the delivering line within thirty-six hours after the consignee has been notified of the arrival of the freight at the place of delivery." The opinion of Mr. Justice Day in the *Starbird* case contains a very clear statement of what the court deemed to be the true reason for a carrier requiring notice of loss or damage to be given. Mr. Justice Day says: " Such notice puts in permanent form the evidence of an intention to claim damages and will serve to call the attention of the carrier to the condition of the freight, and enable it to make such investigation as the facts of the case require while there is opportunity so to do. * * * The bill of lading in this case only requires that ' claims for damages must be *reported* by the consignee, in writing, to the delivering line ' within the time named. This bill of lading contained no stipulation requiring a specific claim to be filed within thirty-

six hours fixing the *amount* of damages to be claimed. It was entirely consistent with this requirement, on discovery of the bad condition of the peaches, to have given notice within the time stipulated of the intention to make a claim for damages, although the exact amount of the claim might not have been ascertained. This would have given an opportunity for the delivering carrier to make the examination which it was the principal purpose of the stipulation to afford."

The receipt executed by the plaintiff on April 9, 1917, and delivered to the defendant, together with the letters above referred to, clearly disclose that some dispute had arisen respecting the ten billets of copper claimed to be missing from the plaintiff's shipment. The defendant, evidently thinking that there might have been a mistake in checking the copper, wished to take advantage of a rechecking when the steamship *Orleans* reached Bordeaux. When the cargo was checked at Bordeaux in June, 1917, it became certain that the ten billets of copper had not been found on board the steamship and the plaintiff had notice of that fact, but, so far as disclosed, took no step to notify the defendant until the aforesaid belated notice of claim was filed. It is apparent that when the plaintiff executed and delivered to the defendant the receipt of April 9, 1917, the plaintiff did not intend such receipt to operate as a notice under the aforesaid bill of lading, nor does it appear that the defendant accepted such receipt as such written notice. Neither of the cases above cited supports the plaintiff's claim that the receipt of April ninth was sufficient notice to the defendant. The notice given in the *Blish Co.* case was in the form of a telegram and specifically stated that the shipper made claim against the railroad for the entire contents of the car at the invoice price. Such notification left nothing unsaid, except the market value of the damaged goods. In the *Starbird* case the notice under consideration did not specifically state the value of the damaged peaches or the exact amount of the claim, but otherwise the shipper made claim for loss and damage in no uncertain terms. In the case at bar the plaintiff clearly understood that, in order to recover, it was necessary for it to file a written notice of claim, as provided in the bill of lading. Formal

notice of loss was filed by the plaintiff many months too late. The use of the words " in dispute," contained in the aforesaid receipt, shows clearly that neither of the parties regarded the notice as final or that it had actually been determined that any loss or damage had been sustained. At most, the statement in the receipt indicated uncertainty as to whether the ten billets of copper were included in the shipment. Such uncertainty was to be resolved when the goods came to be rechecked on arrival at Bordeaux. The defendant had a right to expect further advices if, upon arrival there, it was found that the ten billets were missing, and, if the plaintiff was to make claim for loss, that the defendant would receive timely written notice of such claim. The plaintiff had ample opportunity to make claim for its loss in writing after it became certain that such loss had occurred, but failed to make such claim within four months after delivery of the property in question. We do not think that the receipt in question constituted even a substantial compliance with the requirements of the bill of lading.

The defendant is, therefore, entitled to judgment against the plaintiff, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concur.

Judgment ordered for defendant, with costs. Settle order on notice.